**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARPENTERS COMBINED FUNDS, INC., by James R. Klein, Administrator, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) ) | |
| JOHNSTOWN CONSTRUCTION SERVICES, LLC, JOHNSTOWN CONSTRUCTION MANAGEMENT SERVICES, LLC, JAMES J. VASILKO, and DARLENE SISKA, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

### Factual Background

1.     Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §1132 and §1145, §404(b) 29 U.S.C. §1104, §406 29 U.S.C. §1106, §409 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185, in that Plaintiff is aggrieved by Defendant Contractors' failure to pay fringe benefit contributions and wage deductions in violation of certain labor agreements to which they were bound with the Keystone+Mountain+Lakes Regional Council of Carpenters and its affiliated local unions (hereinafter "**Carpenters' Union**"), an employee organization.

2.     Plaintiff Carpenters Combined Funds, Inc. ("Funds") is a Pennsylvania non-profit corporation that maintains its principal place of business at 650 Ridge Road, Pittsburgh, Pennsylvania 15205.

3.     Plaintiff administers various fringe benefit funds and acts as a collection agent for such funds as well as certain employer associations and unions.  James R. Klein is the Administrator of such Funds.

4.      The trustees of such funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff as their agent for the collection of contributions payable to such funds on behalf of their trustees, participants, and beneficiaries.

5.      Defendant Johnstown Construction Services, LLC ("**JCS**") and Johnstown Construction Management Services, LLC ("**JCMS"**) are engaged in the construction business and maintain their principal place of business at 124 Donald Lane, Johnstown, Pennsylvania 15904.

6.      Defendant JCS became bound by labor agreements ("**Agreements**") with the Carpenters' Union pursuant to which such Defendant was obligated to submit certain monthly payments to Plaintiff Funds for pension, medical, annuity/savings, apprenticeship and dues for the benefit of employees covered under such Agreements.

7.      Plaintiff Funds have several judgments pending against JCS in the United States District Court for the Western District of Pennsylvania at Docket Nos. 15-249, 16-265 and 17-169, which judgments remain unpaid.

8.      Defendant JCMS is a successor and/or alter ego to JCS.

9.      At all times material, James J. Vasilko ("J. Vasilko") was the President and Member of JCS and JCMS and oversaw all day-to-day internal and field operations of both companies.

10.     At all times material, Darlene Siska ("D. Siska") was a principal of JCS and JCMS and managed all office operations of both companies.

<u>COUNT I</u>

<u>Carpenters Combined Funds, Inc. v. Johnstown Construction Services, LLC</u>

<u>ERISA Collection Action</u>

11.     The averments contained in paragraphs 1 through 10 are hereby incorporated by reference herein.

12.     In violation of such Agreements, Defendant JCS has failed to make timely payments of principal fringe benefit contributions and wage deductions to Plaintiff Funds for the period of September 2017 through June 2018, which has resulted in a principal deficiency of $76,690.41.  JCS is also obligated to submit to the Funds its July 2018 reports with payments by August 30, 2018 and all future reports with payment by the 30th of the month following the month in which the work is performed.  Plaintiff Funds estimate that each such monthly report will total at least $7,000.00.  In addition, interest through August 6, 2018 is due of $5,216.64 and contractual/liquidated damages are due Plaintiff Funds of $7,992.59, for a total deficiency of $89,899.64.  Interest will continue to accrue after August 6, 2018 at the rate of $31.52 per day.

13.     Plaintiff Funds also claim any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by Defendant JCS to the Plaintiff until the termination of this case.  If JCS submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by JCS to the Funds, interest will be assessed on the principal amount thereof at 1 ¼% per month and liquidated/contractual damages at 10% times the principal amount owed by such Defendant.  In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due in a subsequent legal action.

14.     Plaintiff Funds have demanded payment of these amounts, but Defendant JCS has neglected and continues to neglect to pay such amounts.

3

15.     Pursuant to ERISA, Defendant JCS is also obligated to Plaintiff to pay Plaintiff's reasonable attorneys' fees equal to 20% of the total delinquency, but not less than Eight Hundred Fifty Dollars ($850.00).  Such fees and expenses total $17,979.93 through August 6, 2018.  Plaintiff also claims attorneys' fees on any additional amounts shown to be due to Plaintiff until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

16.     Defendant JCS's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

17.     Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant JCS is ordered to specifically perform under the federal statutes and labor agreement and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff demands the following relief against Defendant JCS:

(a)  A preliminary and/or permanent injunction enjoining Defendant JCS from violating the terms of such Agreements and directing Defendant JCS to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff pursuant to such Agreements, and enjoining Defendant JCS from disposing of assets; and

(b)  For Defendant JCS to be required to file complete and accurate remittance reports with Plaintiff Funds covering all aspects of such Defendant's business operations from July 2018 through the present; and

(c)  For Defendant JCS to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by Defendant

4

JCS's covered employees for the last four years to enable Plaintiff Funds to verify the accuracy of the amounts paid and/or due and owing by such Defendant to the Plaintiff Funds; and

(d)  For a money judgment in favor of Plaintiff and against Defendant JCS in the sum of $107,879.57, plus such additional amounts shown to be owed to Plaintiff until termination of this case, plus contractual/liquidated damages, attorneys' fees of 20% of total amount due, and costs of suit; and

(e)  For the Court to retain jurisdiction of the case pending compliance with its orders; and

(f)  For such other and further relief as the Court may deem just.

## COUNT II

### Carpenters Combined Funds, Inc. v. Johnstown Construction Management Services, LLC and Johnstown Construction Services, LLC

18.    The averments contained in paragraphs 1 through 17 of this Complaint are hereby incorporated by reference herein.

19.    Defendant JCMS impliedly assumed the debts and obligations of JCS and should be submitting monthly remittance reports with payment to the Funds for all covered work performed.

20.    Since the formation of JCMS in 2015, JCMS and JCS:

(a)    have maintained the same principal place of business at 124 Donald Lane, Johnstown, Cambria County, Pennsylvania 15904;

(b)    were both Pennsylvania Limited Liability Companies;

(c)    are believed to have maintained checking accounts at USSCO Federal Credit Union in Johnstown, PA and/or at another financial institution;

(d)    have been affiliated business enterprises with common management and supervision;

5

(e)     have engaged in the same type of business, performing carpentry, general building contracting and construction management work in the same geographic area;

(f)     have performed both residential and non-residential projects;

(g)     have regularly conducted business in Western Pennsylvania with a focus on Cambria County;

(h)     have used the law firm of Leventry, Haschak & Rodkey, LLC for legal services;

(i)     have held themselves out to vendors, vendees, owners, general contractors, customers, employees and to the public as related business enterprises; and

(j)     have established Defendant JCMS as a disguised continuation of JCS.

21.     Defendants J. Vasilko and D. Siska used the same email address for both JCS and JCMS for business communications.  The email address contains their name followed by "Johnstown Construction" without differentiating between JCS and JCMS.

22.     From 2005 onward, Defendant James J. Vasilko shifted more and more work from JCS to JCMS to avoid paying higher union wage and fringe benefit rates in JCS' Agreements.

23.     By virtue of the acts and conduct described above, Defendant JCMS is liable for all monies due and owing by JCS to the Funds as described above as well as all fringe benefits and wage deductions that became due and owing by JCS.

24.     By virtue of the acts and conduct described above, Defendant JCS is liable for all monies due and owing by JCMS to the Funds as described above as well as all fringe benefits and wage deductions that became due and owing by JCMS.

6

25.     By virtue of the acts and conduct described above, Defendant JCMS is the alter-ego of and/or legal successor to JCS and is bound by the terms of the Agreements and liable for all monies due and owing to the Plaintiff Funds arising from work by JCS.

26.     Defendant JCMS' and JCS' failure to timely pay the aforesaid obligations to the Plaintiff has caused the Funds to suffer loss of investment income and additional administrative expenses and has resulted in less monies being available to provide pension, medical and other fringe benefits to carpenter beneficiaries and their families.

WHEREFORE, Plaintiff Funds demand the following relief against JCMS and JCS:

(a)  A preliminary and/or permanent injunction enjoining JCMS and JCS from violating the terms of such Agreements and directing JCMS and JCS to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff Funds pursuant to such Agreements, and enjoining JCMS and JCS from disposing of assets; and

(b)  For JCMS and JCS to be required to file complete and accurate remittance reports with Plaintiff Funds covering all aspects of such Defendants' business operations for the last four years through the present; and

(c)  For JCMS and JCS to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant's covered employees for the last four years to the present to enable Plaintiff Funds to verify the accuracy of the amounts paid and/or due and owing by such Defendants to the Plaintiff Funds; and

(d)  For a money judgment in favor of Plaintiff Funds and against JCMS and JCS in the sum of at least $385,136.76, plus such additional amounts shown to be owed

7

such Plaintiff until termination of this case, additional interest from August 6, 2018 and

costs of suit; and

(e)   For the Court to retain jurisdiction of the case pending compliance with its

orders; and

(f)   For such other and further relief as the Court may deem just.


## COUNT III

## Carpenters Combined Funds, Inc. v. James J. Vasilko and Darlene Siska

## ERISA Breach of Fiduciary Duty Action

27.     The averments contained in paragraphs 1 through 26 are hereby

incorporated by reference herein.

28.     At all times material, Defendants J. Vasilko and D. Siska were and are

responsible for overseeing the collection of all monies payable to JCS and JCMS resulting from

the work performed by carpenters employed under such Agreements.

29.     At all times material, Defendants J. Vasilko and D. Siska were also

responsible for overseeing the submittal of monthly remittance reports and fringe benefit

contributions for JCS and JCMS to the Plaintiff Funds in Pittsburgh.

30.     At all times material, Defendants J. Vasilko and D. Siska also had check

signing authority, signed checks, and had the right to make decisions as to what obligations

and/or payments of JCS and JCMS were to be paid and which ones were not to be paid.

31.     At the time such fringe benefit contributions became due and payable by

JCS and JCMS to the Funds, such monies became assets of the Funds.

32.     At all times material, J. Vasilko and D. Siska were aware of the

obligations of JCS and JCMS to timely pay fringe benefits to the Funds.

33.     Defendants, J. Vasilko and D. Siska prioritized payment of corporate

expenses that personally benefitted them over payment to the Funds.

8

34.     Based upon the foregoing, Defendants J. Vasilko and D. Siska constitute "fiduciaries" under ERISA.

35.     Based upon the foregoing, Defendants J. Vasilko and D. Siska violated their duties of loyalty to the beneficiaries of the Funds.

36.     Based upon the foregoing, Defendants J. Vasilko and D. Siska also breached their fiduciary duties to the Funds by failing to cause JCS and JCMS to pay to the Plaintiff such contributions once they became due and payable, and are therefore personally liable for all fringe benefits and associated interest, contractual/liquidated damages, attorneys' fees, and legal costs owed by JCS and JCMS to Plaintiff Funds.

37.     The principal contributions owed by JCS and JCMS to Plaintiff total at least $190,737.60.  In addition, interest through August 6, 2018 of at least $25,607.94 is due and contractual/liquidated damages of $78,926.01 are due to Plaintiff, for a total deficiency of at least $295,271.55.  Interest will continue to accrue after August 6, 2018 at the rate of $78.39 per day.

38.     Plaintiff Funds claim any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by JCS and JCMS to the Plaintiff until the termination of this case.  JCS and JCMS are obligated to submit to the Funds JCS' July 2018 reports with payments by August 30, 2018 and all future reports with payment by the 30th of the month following the month in which the work is performed.  Plaintiff Funds estimate that the fringe benefits due for each such monthly report will total at least $6,440.00.  If employer submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by JCS and JCMS to the Funds, interest will be assessed on the principal amount thereof at 1 ¼% per month and liquidated/contractual damages at 10% times the principal amount owed by such Defendants. In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

LIT:644293-1 010342-156056

39.     Plaintiff has demanded from Defendants J. Vasilko and D. Siska payment of all such amounts due, but such Defendants have neglected and continue to neglect to pay such amounts.

40.     Pursuant to ERISA, JCS and J. Vasilko and D. Siska are also obligated to Plaintiff to pay Plaintiff's reasonable attorneys' fees of 20% of the total delinquency or $1,000.00 whichever is greater.  Such fees and expenses total at least $59,054.31 through August 6, 2018.  Plaintiff also claims attorneys' fees of twenty (20%) percent on any additional amounts shown to be due to Plaintiff until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

WHEREFORE, Plaintiff Funds demand that judgment be entered against Defendants, James J Vasilko and Darlene Siska, in the amount of $354,325.86, plus interest from August 6, 2018 at a per diem rate of $78.39, plus additional amounts shown to be due plus legal costs.

## COUNT IV

## Carpenters Combined Funds, Inc. v. James J. Vasilko and Darlene Siska
## State Common Law Conversion Action

41.     The averments contained in paragraphs 1 through 40 of this Complaint are hereby incorporated by reference herein.  The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

42.     Pursuant to such Agreements, JCS withheld monies from its employees' wages for union dues and legislative funds that were required to be remitted to Plaintiff Funds.

43.     In violation of such Agreements, JCS failed to remit such deductions for union dues and legislative funds to the Plaintiff.

44.     At all times relevant to this action, Defendants J. Vasilko and D. Siska had the authority and the responsibility to remit such employee wage withholdings to the

10

Plaintiff.

45.    At all times material, Defendants J. Vasilko and D. Siska exercised dominion and control over the employee wage withholdings totaling $16,585.88, and authorized and/or permitted such monies to be used to pay other obligations of JCS.

46.    JCS is obligated to submit to the Funds its July 2018 reports with payments by August 30, 2018 and all future reports with payment by the 30th of the month following the month in which the work is performed.  Plaintiff Funds estimate that the wage withholdings in each such monthly report will total at least $560.00.

47.    Based upon the foregoing, Defendants J. Vasilko and D. Siska intentionally converted such monies that were rightfully due and payable to the Plaintiff.

48.    Plaintiff is also entitled to receive from Defendants J. Vasilko and D. Siska interest through August 6, 2018 on such late payments of $2,226.80, plus additional interest from August 6, 2018 of $6.82 per day.

WHEREFORE, Plaintiff Funds demand entry of a judgment in its favor and against James J. Vasilko and Darlene Siska in the amount of $18,812.52 plus additional interest from August 6, 2018, plus additional amounts shown to be due, plus costs of suit.

**JURY TRIAL DEMANDED**

TUCKER ARENSBERG, P.C.

*/s/ Jeffrey J. Leech*
Jeffrey J. Leech
PA I.D. #19814
Neil J. Gregorio
PA I.D. #90859

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Attorneys for Plaintiff,
Carpenters Combined Funds, Inc.

11

LIT:644293-1 010342-156056